IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE JACKSON,                                    No. 2:13-cv-2308-JAM-CMK-P

      Plaintiff,

    vs.                                                             FINDINGS AND RECOMMENDATION

CALIFORNIA DEPARTMENT OF
CORRECTIONS MEDICAL
DEPARTMENT, et al.,

      Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is what is being construed as plaintiff's proposed amended complaint (Doc. 8).

        Plaintiff's original complaint was dismissed for failure to state a claim, but it was determined that some of the defects in his complaint were subject to cure, so he was given an opportunity to file an amended complaint.  Instead of a new complaint, however, he has filed a letter and exhibits in an attempt to add additional defendants and claims to his complaint.  Such a filing is inadequate to serve as an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

Case 2:13-cv-02308-JAM-CMK   Document 10   Filed 05/22/15   Page 2 of 4

malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's original complaint was vague and the claims were unclear.  However, the court was able to determine that what plaintiff was complaining about related to his placement on suicide watch and the condition of the watch cell.  It appeared his claims related to violations of the Eighth Amendment and equal protection.  He named two defendants, Nicholes and Hollwell, as well as the prison medical department.  In his latest filing, which is simply a letter, plaintiff contends he was forcefully given psychotropic medication, and indicates he wishes to add three individuals to the case, Martinez, Martinez, and Dackerman.

### II.  DISCUSSION

Plaintiff was previously informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if a plaintiff amends the complaint, the court cannot refer to the prior

2

pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

Here, plaintiff's filing fails to meet the requirements of Rule 8.  He fails to plead, with any specificity, any facts to support any of his potential claims.  He fails to restate the claim in his original complaint, and provides no factual allegations as to any new claims.  Neither the possible claim regarding forced medication, nor the new individuals plaintiff states are additional defendants relate to the facts alleged in the original complaint.  Simply put, a letter and exhibits purportedly supporting the alleged additional claims are insufficient to qualify as an amended complaint.

Plaintiff was already informed as to what is required to state a claim under 42 U.S.C. § 1983.  Plaintiff was told that he must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  In addition, any claims added in an amended complaint must have a reasonable relationship with the claims in the original complaint.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff failed to follow the court's instructions as to what was required to state a claim.  He also failed to file an amended complaint that meets the pleading standards required by Rule 8.  As stated above, the Federal Rules of Civil Procedure requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).  "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and

3

clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996).  Plaintiff's pleading fails to state his claims and any supporting facts.  As plaintiff was given instructions as to what was necessary to state a claim, and provided an opportunity to do so, it appears that plaintiff is either unable or unwilling to amend the complaint in which to state a claim. Thus, further leave to amend should be denied.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's amended complaint be dismissed for failure to state a claim, without further leave to amend, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 21, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE